Zobel, J.
The matter seems plain. Catino (the assured) struck Leavitt, causing serious injuries. A homeowners policy covering Catino covers “an accident . . . which results in . . . bodily injury,” and specifically excludes from coverage “bodily injury . . . which is expected or intended by the insured.”
Leavitt (and Catino) argue that because at the time he struck Leavitt Catino was intoxicated, and because Catino did not in any event intend to harm Leavitt, the exclusion does not apply. At the least, they say, the question of Catino’s intent and his capacity to form an intent is a matter for the jury.
To accept defendants’ position is to agree that the law allows a jury to find that someone who while in a state of voluntary inebriation punches someone in the head nonetheless did not act intentionally.
Distasteful as the proposition may be, it is, however, the rule in Massachusetts: “[Efyidence of voluntary intoxication is relevant to determining the presence of absence of intent with reference to an exclusion clause.” Hanover Insurance Co. v. Talhouni, 413 Mass. 781, 787 (1992).
Thus this Court is constrained to conclude that defendants are entitled to put to a jury the question of Catino’s intent (as affected by his voluntary intoxication).
ORDER
Accordingly, it is Ordered, that Plaintiffs Motion for Summary Judgment be, and the same hereby is, Denied.